UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10156 RWZ

_____

)
PHILIP KING,                                                          )
          Plaintiff,                                           )
                                         )
v.                                                                        )
                                         )
CITY OF BOSTON,                                                )
          Defendant                                          )
_____)

**DEFENDANT CITY OF BOSTON'S ANSWER TO**
**PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES The City of Boston, Defendant (hereinafter referred to as "the

City" or Defendant) in the above-entitled action and hereby answers the Complaint, as

follows:

## I.      PARTIES

1.      Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the

Complaint.

## II.      FACTS

3.      Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits that on September 18, 2003, the City, through its attorney Ronald Nelson, Esq., requested in writing that the Plaintiff send documentation concerning his incarceration to the City of Boston Elections Department.

7.      Defendant admits that the City received the a letter from the Plaintiff enclosing the Plaintiff's official docket entries related to criminal case number 95-11584 and the Plaintiff's social security number.

8.      Defendant admits that on October 30, 2003, the City, through its attorney Wendy S. Plotkin, Esq., sent a letter to the Plaintiff stating that because of the Plaintiff's incarceration, the City could not provide an absentee ballot pursuant to Massachusetts General Laws Chapter 51, section 1.

### III.    CLAIM

9.      Defendant denies the allegations contained in paragraph 9 of Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in contained paragraph 12 of the Complaint.

### AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Defendant states that the complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 because it fails to show a factual connection between any alleged, unconstitutional custom, policy or practice of the City of Boston and the violation of the plaintiff's constitutional rights.

## Third Affirmative Defense

Defendant at all times acted in good faith upon reasonable belief and that these actions were required and in compliance with all relevant laws and circumstances.

## Fourth Affirmative Defense

By way of an affirmative defense, the Defendant states that it was justified in its acts or conduct and that therefore the plaintiff cannot recover.

## Fifth Affirmative Defense

By way of an affirmative defense, the Defendant states that the City of Boston is not liable for any claim based upon an act or omission of a public employee when such employee is exercising due care in the execution of any statute or any regulation of a public employer, or any municipal ordinance or by-law, whether or not such statute, regulation, ordinance or by-law is valid pursuant to G. L. ch. 258, §10(a).

## Sixth Affirmative Defense

Plaintiff has failed to give proper notice to the Attorney General of their constitutional challenge, as required by G.L. c. 231A, § 8.

Seventh Affirmative Defense

By way of an affirmative defense, the Defendant states that the plaintiff has not been deprived of any rights secured by the laws of the Commonwealth of Massachusetts, the Massachusetts constitution, the Constitution of the United States, and all other federal laws.

Eighth Defense

By way of an affirmative defense, the Defendant states that at all times material, it acted reasonably, within the scope of the City's official discretion with an objectively reasonable belief that the City's actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint that bear on a question of state or federal law.

THEREFORE, the Defendant prays that the plaintiffs' complaint be dismissed with prejudice, and that they be awarded its reasonable costs and fees incurred in defending this action.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By their attorney:

**CERTIFICATE OF SERVICE**                /s/ Wendy S. Plotkin
**I hereby certify that on this day a true**     Wendy S. Plotkin  BBO #647716
**Copy of the above document was served**     Stephen Cox BBO #566943
**Upon the attorney of record for each**      Assistant Corporation Counsel
**Party by mail on January 30, 2004**       City of Boston Law Department
                                 Room 615, City Hall
**/s/ Wendy S. Plotkin**                   Boston, MA 02201
                                 (617) 635-4023

4