UNITED STATES OF AMERICA

DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10155 RWZ

PHILLIP KING        )
                    )
     Plaintiff      )
                    )
v.                  )
                    )
CITY OF BOSTON      )
                    )
     Defendant      )

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT

KING asserts that there no material facts in dispute as to a genuine issue in this matter and accordingly, he is entitled to relief as a matter of law. Such facts undisputed are:

1. KING has been a resident of the City of Boston and has as his legal residence an address of 88 Walnut Avenue in Roxbury, Suffolk County, MA 02191.

2. KING has voted from his legal residence for fifteen (15) years prior to his incarceration.

3. KING applied for an absentee ballot application on 08-25-03 from BOSTON.

4. KING was denied the absentee ballot application on 10-30-03 by BOSTON.

KING stated his domicile as 88 Walnut Avenue in Roxbury where he legally resided prior to his incarceration. See Plaintiff's Complaint, IV, Judicial Notice, ¶13; Petition for Preliminary Injunctive Relief, ¶1.

The court identified a rebuttable presumption that inmates [of a prison] retained their former domicile unless he opts to do otherwise. Baker v. Cuomo, 842 F. Supp. 718, 722 n.9 (S.D. N.Y. 1993), (quoting Dane v Board of Registrars of Voters of Concord, 371 N.E.2d 1358, 1367 (1978); Bolton v. Kranz, 764 N.E.2d 878, 881-83, 54 Mass. App. Ct. 193 (2002). See also, Whatley v. Hatfied, 196 Mass. at 394, 82 N.E.2d 48 (1907) (Prisoner's detention in a prison in another locale did not of itself work any change of domicil). Therefore, KING is entitled to vote in the City of Boston's elections, having substantiated that right.

KING had previously voted from his legal residence for a number of years where, e.g., BOSTON had sent him an absentee ballot to vote in a election during 2000, to his place of confinement. See Exhibit A, Ballot Envelope, with postmark and addresses.

KING's application for an absentee ballot application is denied by virtue of the fact that he is "incarcerated in a correctional facility due to a felony conviction," rendered ineligible to vote, according to M.G.L.A. "Chapter 51, section 1." Plaintiff's Complaint, II, Facts, ¶8.

KING, while not contesting the Commonwealth's disenfranchisement of incarcerated and convicted felons, of voting in the new law, St.2001,150, he does so when he

is punished again, as part of the crimes already committed and now increased with the enactment of statute that is clearly violative of Ex Post Fact Clauses, implicating a Bill of Attainder and Due Process.

KING was convicted in 1996, well in advance of the date both applicable and when approved, November 27, 2001, of St. 2001, c. 150. In his case, the prohibition is misapplied.

The court reiterated the long established principal that pertain to statutes in deLeo v. Childs, 304 F.Supp. 593, 598 (D. Mass. 1969): "[T]he general rule of interpretation is that all statutes are prosepctive in their operation ... it is only statute regulating practice, procedure and evidence, in short, those relating to remedies and **not affecting substantive rights,** that are treated as operating retrospectively." (emphasis added) (quoting Chief Justice Rugg, from Hanscom v. Malden & Melrose Gas Light Company, 220 Mass. 1, 3, 107 N.E. 426, 427 (1914).

A criminal or penal law is Ex Post Facto when it is retrospective, applying to events occurring before its enactment and deprives the offender affected by it. Weaver v. Graham, 101 S.Ct. 960, 964, 450 U.S. 24, 28, 67 L.Ed.2d 17 (1981); U.S. v. Gonvalez, 281 F.3d 38, 45 (2d Cir. 2002); Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001).

Justice Marshall, in Weaver at 964, 101 S.Ct. 960, said that a law need not impair a vested right to run afoul of the Ex Post Facto Clause.