UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10156-RWZ

PHILIP KING

v.

CITY OF BOSTON

Memorandum of Decision

May 13, 2004

ZOBEL, D.J.,

In 2001, the Massachusetts legislature amended the laws regulating elections to exclude incarcerated felons from voting. The statute, cast in terms of qualifications to vote, provides that:

> [e]very citizen eighteen years of age or older, not being . . . incarcerated in a correctional facility due to a felony conviction, . . . who is resident in the city or town where he claims the right to vote . . . may have his name entered on the list of voters in such city or town . . . and may vote. . . .

Mass. Gen. Laws ch. 51 § 1. Plaintiff Philip King was convicted of a felony in 1996, and is incarcerated. He has been a resident of Boston and voted for fifteen years before his incarceration. In August 2003, he applied for an absentee ballot, which the Registrar of Voters denied, on the ground that he is not qualified to register and vote in light of Mass. Gen. Laws ch. 51 § 1. Plaintiff thereupon filed an action pro se in state court alleging that the statute violates his constitutional rights and praying for a declaration that the statute is unconstitutional as applied to him, for an injunction against its enforcement, and for damages, compensatory and punitive. The City removed the case to this Court, and the

matter is before me on plaintiff's motion for summary judgment.  The parties agree that no disputes of fact exist; the issue is entirely one of law.

Plaintiff does not contest the validity of the statute generally, but he argues that its enforcement against him amounts to additional punishment for crimes he committed long before the statute's passage.  Thus, he asserts, the statute violates the prohibition against ex post facto laws and bills of attainder, as well as his due process rights.  The difficulty with plaintiff's argument is that the statute is regulatory, not punitive.

First, the Supreme Court has held that states have a wide scope in determining voter qualifications and may consider not only the applicant's residence and age, but also his previous criminal record.  Lassiter v.Northampton Election Board, 79 S. Ct. 985, 990 (1959).  Second, legislative intent determines whether a law is punitive or regulatory.  U.S. v. Salerno, 107 S. Ct. 2095, 2101 (1987).  To show that a statute is punitive, a plaintiff must establish either that the legislature affirmatively intended to punish offenders or that the legislation is "'so punitive in form and effect' as to render it punishment regardless of the legislature's . . . intent."  Doe v. Weld, 954 F. Supp. 425, 433 (D. Mass. 1996) (quoting United States v. Ursery, 116 S. Ct. 2135, 2147 (1996)).  The statute, as a whole, makes clear that the legislature exercised its broad mandate to regulate voting qualifications and not to punish anyone.  Persons under guardianship, persons disqualified because of corrupt elections practices, and all persons under 18 years of age are included among those disenfranchised, in addition to incarcerated felons.  All of these excluded persons implicate rational choices: persons under guardianship are in some manner disabled from making choices implicit in voting; persons who have corrupted the election process have

shown their contempt therefor and their disregard of the imperative that it be honest and accurate; and incarcerated felons are disqualified during the period of their imprisonment when election officials may have difficulty identifying their address and ensuring the accuracy of the ballot.  Moreover, historically, such disenfranchisement has not been deemed punishment.  <u>Green v. Bd. of Elections</u>, 380 F.2d 445, 450 (2d Cir. 1967) ("Depriving convicted felons of the franchise is not a punishment. . . ."); <u>Shepherd v. Trevino</u>, 575 F.2d 1110, 1115 (5th Cir. 1978); <u>Kronlund v. Honstein</u>, 327 F. Supp. 71, 74 (N.D. Ga. 1971).  It certainly does not further the traditional aims of punishment; namely, deterrence and rehabilitation.

    For all of these reasons Mass. Gen. Laws ch. 51 §1 does not violate plaintiff's constitutional rights and his motion for summary judgment is denied.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |