UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHILIP KING, )
    PLAINTIFF, )
     )
-vs- ) CIVIL ACTION NO. 04-10156-RWZ
     )
CITY OF BOSTON, )
    DEFENDANT. )

<u>PLAINTIFF'S MOTION FOR RECONSIDERATION AND REHEARING</u>

    Under date of May 13, 2004, this Court issued a Memorandum of Decision in the above-numbered civil action. Plaintiff believes that the Court misapprehended the facts of the instant case or left important favorable facts out of its memorandum of decision and for the following reasons should reconsider and rehear the instant complaint:

    1.    That the Court omits in its memorandum of decision the fat that not only did plaintiff voted for some 15 years prior to his incarceration, **but that he also voted after his incarceration every year until this past year and the defendant City of Boston sent him absentee ballots so that he could vote in state and federal elections.**

    2.    The plaintiff lawfully exercises his francise for 15 year prior to his incarceration and then for a number of years (even after the constitution was amended and the statute enacted the City of Boston allowed him to vote. Then on someones arbitrary and capricious decision decides this year that plaintiff is forclosed from voting in the upcoming elections. The question begs: **What were the changed circumstances that took place this year that weren't present the year before and if a citizen** M.G.L. CHapter 51, s. 1 states that every "citizen 18 years of age or older, not being ...incarcerated in a correctional facility due to felony conviction...who is a resident in the city or town where he claims to vote...<u>may have his name entered on the list of voters in such city or town...and may vote."</u>) But, the facts are that plaintiff was already registered lawfully prior to the enactment of the statute and still remains a registed voter after the enactment of the statute and is at the time of this motion still a registered voter.

    3.    THe Court in its memorandum of decision: "The difficulty with plaintiff's argument is that the statute **is regulatory, not punitive.**" PLaintiff agrees that when applied to a citizen

Page Two

who has never been a registered voter (even a person under 18 years of age, under guardianship, etc.) cannot legally vote until they become a registered voter - **the statute forbids registring to vote(i.e. having their names on the list of voters) and then they may vote.** If a citizen is already registered to vote that presupposes that the election officials have already verified his legal domicil and address and the accuracy of the ballot is sworn to **under penalties of perjury.**

4. The court has misread the statute and mis-interpeted what the statute (c.51, s1) forbids - **it forbids registering people to be qualified voters** - if a citizen can't register then it follows that he/she will never be able to vote because only registered voters may lawfully vote. THat's the regulatory section of the statute. Once a person is lawfully registered then to deny that person the right to exercise his francise is surely punishment under the statute. Further, the court should take judicial notice that s. 1 of c. 51 has no savings clause.

5. Plaintiff doesn't take issue with the fact that if a citizen never registered to vote and is convicted of a felony in a correctional institution then the statute doesn't allow that person to vote because he is not a registered voter. The statute makes clear that once a person is registered then he is eligible to vote in person (i.e. on furlogh or by absentee ballot and the holding of this court, under the state statute that such disenranchisement is not deemed punishment. What plaintiff does take issue with is the fact that the statute applied to him **(as an already registered votor) and not allowing him to vote is unconstitutional, is a Bill of Attainder and expost facto law** (i.e. when applied to an incarcerated felon who is not registered then the statute is regulatory, but when applied to a n incarcerated felon who is duly registered and has been voting in some instance for year then the statute is punitive.)

6. The Commonwealth for years (prior to the late seventies unconstitutionally deprived incarcerated felons the right to vote and then the Supreme Judicial Court (like they recently did in the <u>Goodridge</u> case) held that it was unconstitutional and incarcerated felons registered to vote and voted for some 20 plus years. Then spurred on by then Minority Leader Rep. Francis Marini (now Judge Marini) hustled and got the CON-CON to amend the Constitution, then the voters voted to take out the language in the state constitution which allowed them to vote favorably on a new C. 51, s. 1. But, **not only was the intent of the Great and General Court to punish convicts, but they deliberately intended in their statute that an incarcerated felon couldn't register to vote. THE COURT SHOULD TAKE NOTE THAT IN NO PLACE DOES THE STATUTE STATE THAT INCARCERATED FELONS CANNOT VOTE - IT MERELY SAYS THAT REGISTERED VOTERS...<u>MAY VOTE!</u>** Thus the statute only applies to incarcerated felons who have never registered to vote, not to plaintiff who is a registered voter.

Page Three

Therefore, it is prayed the Honorable Court grant reconsideration and rehearing and vacate the Memorandum of Decision and Summary Judgement against plaintiff. Further, that the appoint counsel to represent your indigent and in propria persona plaintiff who has no formal training in the law.

In the event that the Court denies the instant motion then plaintiff makes known his intention to appeal to the U.S. Court of Appeals for the First Circuit and wishes leave to appeal in forma pauperis.

WHEREFORE, it is prayed the Court grant this motion for the reasons set forth herein, in the interests of justice, or for any and all other reasons as may be mete and just in the premises.

Under penalties of perjury this Monday, May 17, 2004.

mailed 6/3/04
PK.

Respectfully submitted,

Philip King, Plaintiff Pro Se
Harvard Road
P.O. Box 1218
Shirley, MA 01464-1218

CERTIFICATE OF SERVICE

I, Philip King hereby certify that on this day a true Copy of the above motion was served upon the attorney for the City of Boston, Merita A. Hopkins, Esquire, City of Boston Law Dept., Room 615, City Hall, Boston, MA 02201 via U.S. Mail, First Class (postage prepaid).

Philip King

AV11

From City or Town Clerk or
Election Commissioners of:

BOSTON, 02201

Massachusetts

(city or town) (zip)

**STATE ELECTION BALLOT**
**PLEASE FORWARD IMMEDIATELY**

**RUSH**

12-3-7
PHILLIP S KING
PO BOX 1218
HARVARD RD
SHIRLEY, MA. 01464

01464-1218

BOSTON MA OCT 18 '04
PBMETER 6759425
$ 0.55

**FIRST CLASS**

Clerk:
Place Stamp
here.

Exhibit A

F2